This military pay case, involving a release from active duty of a reserve Army officer for inadequate performance, comes before the court on defendant’s motion for summary judgment and plaintiffs opposition thereto. Oral argument was had and the case was then held pending the decision in Sanders v. United States, 219 Ct. Cl. 285, 594 F. 2d 804 (1979). After Sanders, the parties filed supplemental briefs on the bearing of the Sanders decision on the present case.
Plaintiff, then an Army reserve officer serving on active duty, was honorably released from active duty (in June *930 1973), on the ground of inadequate performance, by action of a Department of the Army Active Duty Board which met early in 1973. The officer’s claim in this court is that two of his Officer’s Efficiency Reports (both recent and both rating him unfavorably) were considered by the Active Duty Board but were defective and grossly inaccurate in substance, and that his procedural rights were also violated with respect to these OERs. He had an opportunity to reply in writing to the OERs but not until after the Active Duty Board had acted, and he alleges that even when he had a belated chance to reply in writing his opportunity to respond was necessarily hobbled.[1] After his release in June 1973, he applied to the Correction Board to set aside the OERs but that agency did not hold a hearing, rejecting his applications in its usual form letter. Plaintiffs petition in this court asserts that his release from active duty, which must have been based in large part on the OERs he challenges, was illegal because of the serious defectiveness of the reports; he seeks back pay and reinstatement. If plaintiff is correct that he was illegally released in 1973 from active duty, he is plainly entitled to back active duty pay. This court has jurisdiction of that kind of claim. Sanders v. United States, supra, 219 Ct. Cl. at 296-301, 594 F. 2d at 809-11.
Sanders v. United States, supra, dealt with servicemen passed over by selection boards, and for that reason separated from the service. We held "that a substantially complete and fair record is a necessary requirement of proper consideration by a selection board. ***** Regulations prescribe that OERs are to be objective and prepared in a certain way. If a particular officer’s OER has not been so prepared and that defect could have resulted in his nonselection for promotion followed by discharge, this is a legal and factual error and an injustice to the officer as well. If he is not made whole by correction of his record, we can and will protect the citizen-soldier’s legal rights if he is claiming lost pay and reinstatement.” 219 Ct. Cl. at 302-03, *931 594 F. 2d at 814. But we also held that relief would not be available where the administrative error or injustice was harmless. 219 Ct. Cl. at 309-10, 594 F. 2d at 818.
These same principles apply to reserve officers involuntarily relieved by an Army Active Duty Board from active duty for inadequate performance. The Army has established a specific procedure for such releases which must be respected. E.g., Service v. Dulles, 354 U.S. 363 (1957). The controlling regulation (AR 635-100, chapter 3, section xv, ¶ 3-58.a (1973)) required Army Headquarters to screen "officer records” annually "to determine those officers whose degree of efficiency and manner of performance require relief from active duty or elimination from the service.” "These records [i.e. the records of the officers so screened] will be forwarded, without recommendation, to the Department of the Army Active Duty Board, or other designated board, for consideration within the prescribed guidance and criteria.” In requiring that the Active Duty Board act on the basis of the servicemen’s official personnel records, the regulation impliedly assumed and demanded that those records be objective and without substantially harmful defect.[2] In this significant respect, the present case is a close parallel to Sanders.
In plaintiffs instance the Active Duty Board must have acted on the assumption (since there was nothing before it to indicate otherwise) that the now-challenged OERs were accurate and objective. Plaintiff has presented to us a detailed affidavit and other material (in response to the defendant’s motion for summary judgment) suggesting, on what appear to be non-frivolous and substantial grounds, that the two OERs were in fact seriously defective on substantive and procedural grounds. These issues have never been the subject of a trial or hearing. In the circumstances, we are of the view that the questions raised by plaintiff, especially his substantive contentions, call for a trial or hearing. It is preferable that if possible the further inquiry (by way of hearing or trial) take place within the military system.
*932 Accordingly, defendant’s motion for summary judgment is denied without prejudice and the case will be remanded under Rule 149 to the Secretary of the Army for a hearing on the issues raised in this court by plaintiff, and for an initial determination in the light of the principles of Sanders v. United States, supra. The Secretary may act through the Army Board for Correction of Military Records, the Army Active Duty Board, or some other tribunal he deems appropriate.[3] If the Secretary considers himself powerless to grant or direct such a hearing, or to arrange for one, he should so inform the court and the court will then make an appropriate disposition of the matter. Pending this remand to the Secretary of the Army, the proceedings in this court will be stayed for a period of 6 months. Counsel for the defendant is designated (under Rule 149(f)) to advise the court of the status of the proceedings on remand.
IT IS SO ORDERED.

 Plaintiffs appeals were denied by the Army (after the Active Duty Board had made its determination) on his written submissions, without according him a hearing. There is no indication that the Army personnel who denied plaintiffs appeals (prior to his application to the Correction Board) had authority to correct or void the OERs for lack of objectivity or gross inaccuracy.

 This assumption is reinforced by subsequent amendments to the regulation (in 1978), which expressly gave the officer the right, before the Active Duty Board acts, first, to review all his records and all other written material before the Board, and, second, to submit appropriate written material for the Board’s consideration. AR 635-100, section xv, ¶ 3.58.b.l.

 It has been suggested that Biddle v. United States, 186 Ct. Cl. 87, 95 (1968), forbids any consideration of this matter by the Correction Board, but Biddle dealt with the different situation in which the Correction Board attempted to override an Active Duty Board determination favorable to the serviceperson. That the Correction Board does not view itself as powerless to correct denials of relief by the Active Duty Board is shown by its entertainment of plaintiffs prior application in this very case. However, we leave this issue of jurisdiction, as between the Active Duty Board and the Correction Board, to the Secretary.